## Lukacko, Appellant, *v.* Mucerino.

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*F. Raymond Heuges*, for appellant.

*Weston C. Overholt, Jr.*, with him *Harper, George, Buchanan & Driver*, for appellee.

OPINION BY RHODES, P. J., March 24, 1960:

This appeal concerns the jurisdiction of the Municipal Court of Philadelphia over a proceeding in which a judgment had been opened and transferred to it by the Court of Common Pleas No. 2 of Philadelphia County.[1] The specific question involved is whether the proceeding on an opened judgment is "an action . . . pending before the court of common pleas" which shall be transferred to the municipal court in accordance with section 10.1 of the Act of July 12, 1913, P. L. 711, as added by the Act of June 13, 1957, P. L. 291, §1, 17 PS §693.1. The municipal court determined that the proceeding was properly before it and discharged appellant-plaintiff's rule to strike the proceeding from the record and re-transfer the case to the court of common pleas.

On May 26, 1949, plaintiff entered a judgment by confession against defendant in the Court of Common Pleas No. 2 of Philadelphia County on a note in the

---

[1] The municipal court "shall have jurisdiction in all civil actions at law and in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of five thousand dollars ($5000). . . . The said court shall also have jurisdiction in adoption proceedings and in any civil cases transferred to it by order of a majority of the judges of any court of common pleas of Philadelphia County." The amendatory Act of June 6, 1957, P. L. 274, §1, 17 PS §693.

sum of $4,500. On May 6, 1955, a scire facias was issued to revive the judgment. On November 28, 1955, defendant filed a petition to strike off the judgment alleging that the signature on the note was forged. On January 8, 1957, the judgment was opened upon a stipulation of the parties approved by the court. Thereafter, on September 11, 1957, the Court of Common Pleas No. 2 of Philadelphia County transferred the case to the municipal court. A jury trial was waived and the case was tried in the municipal court without a jury before Judge DiNubile. On October 21, 1958, a finding was entered for defendant. Plaintiff's subsequent motion for a new trial was dismissed, and, on February 6, 1959, judgment was entered for defendant.

Three months later, on May 5, 1959, plaintiff filed a petition in the municipal court to strike the proceedings from the record and return the case to the Court of Common Pleas No. 2 of Philadelphia County on the ground that the case had been improperly transferred in the first instance. The court dismissed the petition, and plaintiff has appealed.

Section 10.1 of the Act of 1913, as added by the Act of 1957, 17 PS §693.1, provides in part as follows:

"(b) If an action is pending before the court of common pleas of Philadelphia County, and the value of the matter or thing in controversy does not exceed the maximum amount over which the Municipal Court of Philadelphia has original jurisdiction . . ., it shall transfer the action to the Municipal Court of Philadelphia for hearing and decision."

The Act provides for the transfer of "pending" actions. Generally an action is pending until it has been ultimately reduced to judgment or otherwise terminated. After a final judgment has been entered the action is not considered pending within the meaning of the Act and should not be transferred. *L. & N. Sales*

*Company v. Stuski,* 188 Pa. Superior Ct. 117, 123, 146 A. 2d 154. A final judgment for all intents and purposes concludes the litigation whether entered upon a verdict or by confession. *Blystone v. Blystone,* 51 Pa. 373, 375.

Where a judgment has been opened, the proceedings are entirely de novo; they are not at an end. The parties must proceed with the case as though the judgment had not been entered. *Poelcher v. Zink,* 375 Pa. 539, 542, 101 A. 2d 628. And, as here, the initial judgment may be found erroneous, and the ultimate judgment may be in favor of the other party. The mere entry of the judgment by confession did not conclude this litigation. It was opened by stipulation of the parties and they proceeded as though the judgment had not existed. Having been opened it was a pending action. The situation was concisely described by the court below: "A judgment being the end of a controversy and a conclusion to litigation it cannot be said that it is pending. However, when the judgment is opened it is not the end of litigation but the beginning of it. A determination still remains. Therefore, it is pending under the Act."

The Municipal Court of Philadelphia properly exercised jurisdiction over the case upon its initial transfer.

Judgment is affirmed.