## Frazier, Appellant, v. Udelson.

390

Argued March 23, 1961.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, and MONTGOMERY, JJ. (FLOOD, J., absent).

*William Brodsky,* for appellant.

*Saul Doner,* with him *Doner and Schaeffer,* for appellees.

OPINION PER CURIAM, June 15, 1961:

The appeal in this case was taken from an order of the Common Pleas Court granting defendants' motion for judgment on the pleadings without prejudice to plaintiff's right to file an amended complaint in the Municipal Court of the County of Philadelphia.

The action originated in equity. The plaintiff alleged inter alia that on December 29, 1955, he and his wife, now deceased, entered into a written agreement for the lease and sale of premises 1444 North 58th Street, Philadelphia, Pa., from Dora Ruskin. The attached agreement stated that the vendee was to receive title to the premises upon payment of $2,550. of the total sales price of $8,500.00. It was further alleged that he paid $600. at the signing of the agreement and thereafter paid to defendant Dora Ruskin or her daughter, Pearl Udelson, $85. a month up to February, 1959, and $45. during that month. Plaintiff further alleged that he vacated the premises on April 12, 1959, shortly following the death of his wife and made no further payments. He averred a conveyance of the premises by defendant Dora Ruskin to her son and his wife, defendants Samuel and Shirley Ruskin, on October 15, 1956. An agreement of sale was entered into thereafter with a purchaser who was occupying the premises at the time the original complaint was filed. Plaintiff requested information regarding the terms of the sale last mentioned and the relationship of the various defendants to the property, the rent and money paid on account of the purchase price, and sought to have the court restrain the sale or completion of the settlement with the new purchaser and general relief, naming

as defendants not only the three Ruskins and Pearl Udelson, but also the purchaser from Samuel and Shirley and the agent who negotiated the sale.

Upon consideration of preliminary objections the court below indicated that the plaintiff had breached his contract and was entitled, at most, to recover part of the money paid by him to certain of the defendants and that this right would exist only if additional facts were pleaded and proved showing that the plaintiff paid more than the fair rental value of the property during his occupancy. The court also stated that plaintiff's rights, if any, against Udelson and the Ruskins, could be maintained only in an action at law for restitution. The court further held that no cause of action existed against the other defendants named in the bill and there was no appeal from that determination. The court sustained preliminary objections as to all defendants, transferred the matter to the law side of the court, and granted plaintiff leave to amend his complaint as to Pearl Udelson and the three Ruskins.

Subsequently an amended complaint in assumpsit was filed against the four parties defendant remaining in the action. Preliminary objections, essentially in the nature of a demurrer, were overruled, the court citing the case of *Terminal Realty Corporation v. Doubler,* 88 Pa. D. & C. 213 (1953). This indicates that the issue on the preliminary objections was whether or not the plaintiff, a defaulting vendee, could recover money retained by the vendor upon the ground that the provision in the contract for its retention provided for a penalty as opposed to liquidated damages. In a well considered opinion, after careful review of opposing authorities, the court in the *Terminal Realty* case decided that under the facts, defendant's claim that the amount received was not in excess of proper liquidated damages was not clearly valid under the facts pleaded and insufficient to warrant judgment on the pleadings

in his favor. The court below in the instant matter held, following the opinion in the *Terminal Realty* case, supra, that the question as to liquidated damages or penalty could not be decided against the plaintiff on the pleadings.

At the completion of the pleading stage, defendants moved for judgment on the pleadings and plaintiff filed a motion to return the proceedings to the equity side of the court. Plaintiff's motion was denied and no appeal was taken from that decision. Defendants' motion for judgment was granted without prejudice to plaintiff's right to file an amended complaint in the Municipal Court.

Upon review of the pleadings we find ample justification for the action of the court below in granting the motion for judgment on the pleadings. In his amended complaint plaintiff again failed to allege that his payments to defendants exceeded the fair rental value of the premises which he occupied.

Plaintiff requested judgment in the sum of $1,887.88, which amount places his cause within the jurisdiction of the Municipal Court. Counsel for plaintiff has informed this Court that the Municipal Court would not allow the plaintiff to file an amended complaint in that court. Since judgment had been entered for the defendants in the action in the common pleas court this refusal was proper. *Lukacko v. Mucerino*, 192 Pa. Superior Ct. 4, 159 A. 2d 235 (1960). Since, however, the common pleas court was of the opinion that the plaintiff might still state a good cause of action under proper allegations, although he had twice failed to do so, we think that justice would be served by reversing and vacating the judgment of the common pleas court entering judgment for the defendant, and remitting the case with directions to the common pleas court to transfer it to the Municipal Court under the Act of June 13, 1957, P. L. 291, §1, 17 PS §693.1(b).

In our view the defendants' motion for the judgment on the pleadings should be granted unless the plaintiff amends his complaint so as to allege that the fair rental value of the property is less than the amount plaintiff has paid to the defendants. If he fails to do so within twenty days after the case is transferred to the Municipal Court, that court should enter judgment for the defendants on the pleadings in accordance with the motion of the defendants which was filed with the common pleas court. Since the action of the common pleas court upon that motion is vacated, the motion will remain pending and undisposed of when the case is transferred to the Municipal Court.

The judgment entered against the plaintiff in the Court of Common Pleas No. 6 is vacated. The case is remanded for the purpose of being transferred to the Municipal Court of Philadelphia in accordance with the Act of June 13, 1957, P. L. 291, §1, 17 PS §693.1(b). The plaintiff is hereby given leave to file an amended complaint within twenty days after the transfer of the case to the Municipal Court. If he fails to do so, the Municipal Court is directed to enter judgment on the pleadings in favor of the defendants.