## Tabas *v.* Robert Development Company et al., Appellants.

Argued June 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Thomas B. Rutter* and *Henry L. Menin,* with them *Litvin and Rutter,* for appellants.

*Daniel Sherman,* for appellees.

OPINION BY SPAULDING, J., November 16, 1972:

These two appeals arise from the same cause of action and facts. On November 20, 1970, creditor appellees Tabas filed a complaint and confession of judgment with the Prothonotary of Philadelphia County based on a judgment note signed by all five appellants. The appellees' attorney inadvertently failed to include an affidavit of nonmilitary service, as required by the local rules of civil procedure.[1] On November 23, appellants Berman filed a petition to show cause why the judgment by confession should not be stricken off because of the failure to include said affidavit or in the alternative why the judgment should not be opened. Judge Edward J. BRADLEY of the Court of Common Pleas of Philadelphia signed an order allowing the rule to show cause and also directing "all proceedings in the meantime to stay".

Appellees subsequently filed an affidavit of nonmilitary service on November 25, 1970, and their answer to the petition to strike off or open the judgment on December 23, 1970. Between these two filing dates, appellees obtained certified copies of the docket entries in Philadelphia County and certification of the judgment and entered them with the Prothonotary of Montgomery County, who transferred the judgment on No-

---

[1] Rule 921(a) of the Philadelphia County Rules of Civil Procedure provides that before a judgment may be confessed "an affidavit must be filed by the plaintiff setting forth facts showing that the defendant is not in the military service . . . ."

vember 27, 1970. Proceedings continued in Philadelphia.[2] On February 10, 1971, appellees filed a petition to allow the Affidavit of Non-Military Service filed November 25, 1970 to be allowed nunc pro tunc to November 20, 1970. The petition was answered and argument heard by Judge Ned L. HIRSH. On October 26, 1971, he entered an order granting appellees' petition, denying appellants' petition to strike off the judgment, and continuing the case for the taking of depositions relevant to appellants' petition to open the judgment. Appellants Berman appeal from the granting of appellees' petition and the denial of their petition to strike the judgment (No. 60).

Subsequent to the transfer of the judgment to Montgomery County on November 27, 1970, separate proceedings on the judgment took place in the Court of Common Pleas of that county. On March 15, 1971, all five appellants filed a petition to strike the transferred judgment on the basis that the transfer was improper and violative of Judge BRADLEY'S order staying all proceedings. After argument, Judge Louis D. STEFAN of the Court of Common Pleas of Montgomery County, refused to do so and dismissed this petition on December 9, 1971. Appellants appeal from his order (No. 330).

## No. 60

Appellants Berman contend that the Court of Common Pleas of Philadelphia erred in allowing the affidavit of nonmilitary service to be entered nunc pro tunc after appellees failed to file it at the time required

---

[2] Appellants Berman filed an amended petition to strike off or open the judgment and appellant Robert Development Company filed a similar petition, both of which were answered by appellees.

by the local rules of civil procedure.[3]  We disagree with this argument and find no abuse of discretion by the court below.

Pennsylvania's policy in this area is illustrated by Rule 126 of the Pennsylvania Rules of Civil Procedure which states that: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.  The court at every state of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."  The application of this policy to the instant factual situation is a question of first impression for the appellate courts of this Commonwealth.  However, a lower court decision, which is in accord with the action of the court below here, adequately states the applicable reasoning in cases where an affidavit of nonmilitary service is not properly filed as follows: "While it is true that the Plaintiff did not comply with the above Rule and Act and that this noncompliance would ordinarily be ground for striking off the judgment, 7 Standard Pennsylvania Practice, Chapt. 30, Sections 52 and 173, Coon v. Catten, 2 Del. Co. Reports 101, 3 Luzerne Leg. Reg. Rep. 137 (1879), nevertheless, a study of the cases decided under Section 520 of 50 U.S.C.A. App., clearly shows that only a defendant actually in the military service of the United States may take advantage of the Plaintiff's failure to file the proper non-military affidavit since the Act and Local Rules of Court adopted to supplement it, were

---

[3] Rule 921(a) of the Rules of Civil Procedure of Philadelphia County provides, in part, that: "Before a default judgment may be entered in any case . . . where judgment is sought upon a warrant of attorney to confess judgment . . ., an affidavit must be filed by the plaintiff setting forth facts showing that the defendant is not in the military service, . . . ."

designed solely to protect only persons in the military service. See Arenstein v. Jenks, Tex. Civ. App. (1944), 179 S.W. 2d 831; Poccia v. Benson, R.I. (1965) 208 A. 2d 102; Sanchez v. Sobiesk, 3 Ill. App. 2d 478, (1954), 122 N.E. 2d 602; Haller v. Walczak, 347 Mich. 292 (1956), 79 N.W. 2d 622; Seifert v. Keating, 344 Mich. 456 (1955), 73 N.W. 2d 894." *Johns Hopkins Hospital v. Croft*, 82 York Legal Record 31, 32 (1968). The court therefore allowed the plaintiff to file its affidavit of nonmilitary service nunc pro tunc and dismissed the defendant's petition to strike the judgment. The similar order of the court below in No. 60 is affirmed.

## No. 330

All five appellants appeal from the order of the Court of Common Pleas of Montgomery County dismissing their petition to strike the transferred judgment. The precise issue raised may be stated as follows: Does an order directing "all proceedings in the meantime to stay", entered by the court of common pleas of a county during proceedings on a petition to open or strike a confessed judgment, require that the judgment be stricken by the court of common pleas of *another* county to which the judgment creditor transfers the judgment in violation of the stay order? The court below answered this question in the negative, concluding that any relief from violation of the stay order should only be granted by the same court that entered the order, not by the common pleas court of the county to which the judgment was transferred. We disagree.

Rule 3002 of the Pennsylvania Rules of Civil Procedure does provide for the transfer of a judgment from

one county to another.[4]   However, "[i]t is well-established that orderly judicial procedure dictates that the court which first acquires jurisdiction over a matter be permitted to decide all questions relating thereto." *Binenstock Trust,* 410 Pa. 425, 430, 190 A. 2d 288 (1963); cited with approval in *Tallarico v. Bellotti,* 414 Pa. 535, 539, 200 A. 2d 763 (1964).  "It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits.  That can be done only by the court in which it was originally obtained: *King v. Nimick,* 34 Pa. 297; [other citations omitted]"; *Selden v. Jackson,* 403 Pa. 193, 195, 169 A. 2d 301 (1961).  When the court in which a judgment was originally entered orders "all proceedings in the meantime to stay" while considering a petition to strike or open the judgment, the courts of other counties should not permit the transfer of the judgment until the stay order is removed.[5]  The stay order is in the nature of an injunction and should be honored by all other common pleas courts of concurrent jurisdiction.

Whether proceedings on the judgment or its transfer, creating additional liens against property owned by appellants in other counties than that in which it was originally filed, should be stayed pending disposition of the petition to strike or open was properly determined by the court of common pleas which had "full

---

[4] The rule reads, in part, as follows:

"(a) A judgment may be transferred to another county by filing of record a certified copy of all the docket entries in the action and a certification of the amount of the judgment.

"(b) The prothonotary of the court to which a judgment is transferred shall forthwith enter it in the appropriate docket and index it against the defendant."

[5] Once the stay order is removed, a transfer would of course be proper.

control of the major controversy between the parties, the judgment being merely security for the payment of whatever may be owing by defendant[s] to plaintiffs". *Foster v. Rubenstein,* 383 Pa. 236, 238, 118 A. 2d 195 (1955). A stay order in these circumstances is particularly appropriate: "the initial judgment may be found erroneous, and the ultimate judgment may be in favor of the other party. The mere entry of the judgment by confession did not conclude this litigation." *Lukacko v. Mucerino,* 192 Pa. Superior Ct. 4, 7, 159 A. 2d 235 (1960).

The order of the Court of Common Pleas of Montgomery County is reversed and the judgment is ordered stricken.

---

CONCURRING AND DISSENTING OPINION BY PACKEL, J.:

I join in Judge SPAULDING'S opinion in No. 60, affirming the lower court's denial of appellant's petition to strike off the judgment. I dissent, however, in No. 330 in that the majority's reversal of the court below gives a "stay of all proceedings" too broad a scope.

The majority relies upon the primary jurisdiction of the court which first acquires jurisdiction. This general principle is not to be disputed as to the issue of whether the judgment is or is not to be opened.[1] The transferability of the judgment, however, in no way impinges upon the jurisdiction of the original court. The real issue in this case is whether the judgment was transferable so as to obtain the benefit of a lien on realty pending the disposition of the petition to open.

The view that a stay of proceedings, accompanying a petition to open a judgment, is in the nature of an

---

[1] But compare the Act of March 27, 1945, P. L. 83, §1, as amended, 12 P.S. §913, which makes provision for a petition to open a confessed judgment "where the judgment is originally entered or in any other court to which the judgment is transferred."

injunction is a basic error of the majority. Such a stay has none of the procedural safeguards which surround the granting of an injunction. It is customary to grant a stay of proceedings when a rule to show cause why a judgment should not be opened is signed by a judge. Since the rule merely grants the petitioner a hearing, the judge rarely consults with the opposing party before signing the rule. There is no requirement of a bond which is a mandated condition for the granting of a preliminary injunction. An interpretation which gives a stay so facilely created the power to deny a party the protection of a judgment would raise a serious constitutional question as to the due process of the stay.

It is not necessary to decide the constitutionality of the procedure, since a stay is not intended to have such an expansive effect. The court, in automatically signing such a stay, is not thinking about proceedings in another jurisdiction. Its rather manifest intent is to halt any further proceedings on the execution of the judgment. Although the precise question has not been answered by Pennsylvania courts, there have been cases closely on point. *Falkner v. Franklin Insurance Co.*, 1 Phila. 183, 185 (1851) held that an action on the judgment could be brought in Pennsylvania even though the judgment, which was granted in another state, was stayed by a supersedeas accompanying an appeal: "But should the action upon the judgment be prosecuted to judgment for the plaintiff, whilst the writ of error is pending, the court will stay execution upon the second judgment until the writ of error be determined." Since the court accepted the binding nature of the supersedeas, the fact that the two courts were in different states does not weaken the precedent. Similarly in *Wood Company v. Berry Company*, 4 Pa. Dist. 141, 142 (1895) the court said: "It has been dis-

tinctly decided that the pending of an appeal or writ of error, though a supersedeas, is no defence to an action upon the record, either by way of bar or abatement. The supersedeas is only to the execution, and not to the judgment." Both cases were later followed in *Cushman v. Douville*, 21 Pa. D. & C. 2d 243 (1934).

Reliance upon *Lukacko v. Mucerino*, 192 Pa. Superior Ct. 4, 159 A. 2d 235 (1960) is misplaced in that it merely held that a statutory transfer from a common pleas court to the municipal court was proper because of a lack of finality. Much more significant is *Kittanning Insurance Co. v. Scott*, 101 Pa. 449 (1882). There as in *Lukacko* there was a petition to open without any reference to a stay. The court held that the plaintiff was entitled to transfer the judgment to create a lien in another county while the judgment was open (101 Pa. at 451): "It follows therefore that the order of court in Armstrong county opening the original judgment as to Scott, one of the defendants, did not disturb the judgment as to either of them any further than was necessary for the purpose of making the defence. For all purposes, except execution against Scott, it remained a valid judgment against both defendants in that county, and pursuant to the provisions of the Act of 1840, Purd. 821, pl. 14, it was transferred to the Court of Common Pleas of Butler county. When the certified copy of the record was filed in that court it was the duty of the prothonotary to enter it as he did."

Although a stay of all proceedings may have a different effect in cases other than the grant of a supersedeas or the opening of a judgment, a stay of proceedings after a judgment has been entered should be interpreted as a stay of execution. The purpose of all stays is to preserve the status quo. *New Brighton & New Castle R.R. Co. v. Pittsburgh, Youngstown & Chicago R.R. Co.*, 105 Pa. 13, 24 (1884). It would seem

that the status quo is better maintained by allowing the plaintiff to protect his interest in defendant's property than by arbitrarily halting the extent of the judgment according to when the stay is entered.

It is agreed by all that the stay does not affect a lien created by the original judgment. There is no reason why a plaintiff should not also be entitled to create liens where the defendant has realty, once the plaintiff has obtained a judgment. A stay should be interpreted as halting the proceedings at whatever stage they have reached but not as prohibiting collateral actions by the parties. The wording of the stay need not be strained to be read as staying any action furthering the case. In *Fortna v. Commonwealth Trust Co.,* 50 Dauph. 211 (1940), the court held that a grant of certiorari by the Supreme Court staying all proceedings did not preclude the lower court from issuing an order releasing certain real estate from the lien of the judgment since the order did not affect the subject matter of the appeal.

No one contends that the plaintiff should be entitled to execute on the judgment in the transferee county; nor would he be able to since the stay is part of the record of the transferred judgment. But defendants should not be able to capitalize on a stay of proceedings to protect their realty from the effect of a judgment.

The order in No. 330 should be affirmed.

JACOBS, J., joins in this concurring and dissenting opinion.