GARRISON, Judge.
This is an appeal from a default judgment of the district court, granting to plaintiff damages in the amount of $2,619.00, plus legal interest and costs, for injuries resulting from an automobile accident, which occurred on June 18, 1979. From that judgment, defendant appeals.
On appeal defendant argues that:
(1) plaintiff’s case had prescribed;
(2) plaintiff failed to carry his burden of proof;
(3) the judgment is invalid because an insufficient affidavit of non-military service was produced; and
(4) plaintiff failed to specifically plead lost wages.
*759 I.PRESCRIPTION
Plaintiff’s petition indicated that the date of the accident was June 18, 1978. Suit was filed on March 12, 1980. If these were in fact the operative dates, then it is apparent that the case would have prescribed prior to filing of suit. As shown by the record, plaintiff testified at trial that the accident occurred June 18, 1979. The police report contained in the record also indicates 1979. It is obvious that plaintiff’s petition contained a typographical error. We find that suit was timely filed and that this argument is without merit.
II.BURDEN OF PROOF
Defendant argues that because most of plaintiff’s evidence was hearsay,[1] it should not have been admitted and that once the offending evidence is removed, plaintiff will have failed to carry his burden of proof. We disagree. The evidence on which judgment was granted was plaintiff’s uncontradicted testimony. The exhibits, which were introduced without objection, served merely to corroborate plaintiff’s testimony; as such, they go only to the weight of the evidence, but not the merits. Even without the exhibits, plaintiff still would have won. Accordingly, we find that plaintiff carried his burden of proof and this specification of error is without merit.
III.AFFIDAVIT OF NON-MILITARY SERVICE
The affidavit of non-military service filed in this case was executed by the plaintiff who admitted that he had no personal knowledge that Lorraine C. King was not in the military. Counsel argues that the judgment should be declared null and void ab initio. In support thereof, defendant cites Eureka Homestead Society v. Williams, 2 Peltier 360, No. 7525 (Orl.App.1919), reversed 146 La. 917, 83 So. 190 (La.1919). In Eureka, the Orleans Appellate Court held that under Sec. 200 of the Act of Congress of March 8, 1918, entitled “An Act to extend protection to civil rights of members of the Military and Naval Establishments of the United States engaged in the present war,” commonly called the Moratorium Act, any default judgment rendered against any person in or out of the military service was null and void ab initio when an affidavit, showing affirmatively that the person was not a member of the armed forces, was not produced. When the Louisiana Supreme Court examined the question, the court overruled the holding of the Orleans Appellate Court and held as follows:
“. .. our conclusion is that the act of Congress does not go so far as to declare that a judgment rendered against a defendant, without an affidavit showing that he was not then in military service, shall be absolutely null, even though the defendant was not in military service. “Section 200 of the act declares that, in any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. But the act does not anywhere declare that a judgment rendered on default and without such affidavit shall be absolutely null. On the contrary, there are several provisions that indicate that the judgment in such case would be voidable only at the instance of a defendant in military service . . . . ” (p. 191-192)
Like William L. Clark, Jr., the defendant in Eureka, the defendant in the instant case is and was not in the military at the time of trial. The Moratorium Act was the forerunner of the Federal statute, 50 U.S.C. App. § 520, the Civil Relief Act of 1940, under which defendant makes her argument. The current Federal statute, like the Moratorium Act, contains numerous provisions indicating that the judgment is voidable only at the instance of a defendant in *760 military service. See 50 U.S.C.App. § 520(4).
IV. FAILURE TO SPECIFICALLY PLEAD LOST WAGES
Defendant argues that plaintiff is not entitled to an award for lost wages. Plaintiff has conceded this argument in his brief. Accordingly, the issue will not be addressed by this court and the judgment will be reduced by the amount of lost wages awarded, namely $320.00.
For the reasons discussed, the judgment of the district court is amended as follows and, as amended, is affirmed.
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff, ANAHEL HERNANDEZ, SR., and against the defendant, LORRAINE C. KING, in the full and true sum of TWO HUNDRED NINETY-NINE AND NO/100 ($299.00) DOLLARS as special damages and the full and true sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS for general damages, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.
AMENDED AND AFFIRMED.

. The police report and medical report were admitted without testimony by the officer and doctor.