## Carberry v. Fleet

*Howard J. Schulberg,* for plaintiff.
*Tracey G. Benson,* for defendant.

WETTICK, *A.J.,* March 14, 1984—This is an action to recover money due from loans plaintiff allegedly made to defendants. According to the sheriff's returns, defendants were served on October 18, 1983 by the sheriff leaving two copies of the complaints with defendant Marie Fleet whom the return identified as the person for the time being in charge of Daniel Fleet's and Marie Fleet's place of business. On November 9, 1983, plaintiff mailed the ten day notice of her intention to take a default judgment as required by Pa.R.C.P. 237.1. On November 22, 1983, plaintiff obtained default judgments against both defendants for failure to respond to plaintiff's complaint.

The subject of this opinion and order of court is defendants' request for a rule to show cause why the November 22, 1983 default judgments should not be opened and/or stricken.

I

Defendants' petition to strike the default judgments is based upon the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. App. §520) which requires that an affidavit of nonmilitary service be

filed with a court prior to the entry of a default judgment against a defendant.

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in the military service . . . . If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry . . . ."

• • •

"(4) If any judgment shall be rendered . . . against any person in military service . . . and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such jurisdiction may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened . . . ."

In the present case, no affidavits of nonmilitary service have been filed. According to defendants, the absence of such affidavits renders the default judgments entered in these proceedings void on their face. Plaintiff, however, contends that these judgments should not be stricken for noncompliance with the Soldiers' and Sailors' Civil Relief Act because of defendants' failure to allege that they were members of the armed services when the default judgments were taken.

The Pennsylvania appellate courts have never directly addressed the issue of whether noncompliance with the Soldiers' and Sailors' Civil Relief Act renders a default judgment void or merely voidable upon a showing that the judgment debtor was in the military service when the default judgment was entered. But in Tabas v. Robert Development

Company, 223 Pa. Super. 290, 297 A.2d 481 (1972), the Superior Court, in holding that the lower court did not abuse its discretion in permitting an affidavit of nonmilitary service to be filed nunc pro tunc in response to the judgment debtor's petition to strike the judgment for failure to file the affidavit, cited with approval the lower court's rationale that only members of the military service should benefit from the act. The Tabas opinion is consistent with the case law of other jurisdictions which uniformly holds that a judgment debtor who is not in the military service may not attack a default judgment on the ground of noncompliance with the requirements of the Soldiers' and Sailors' Civil Relief Act because a default judgment entered without the filing of an affidavit of nonmilitary service is not void but, instead, only voidable upon a showing by the judgment debtor that he or she was in the military service when the judgment was entered. See Krumme v. Krumme, 6 Kan. App. 2d 939, 636 P.2d 814 (1981); Desjarlais v. Gilman, 463 A.2d 234 (Vermont Supreme Court, 1983); Hernandez v. King, 411 So. 2d 758 (La. Court of Appeals, 4th Cir., 1982); Ruggiero v. Ruggiero, 35 Conn. Sup. 581, 399 A.2d 187 (1978); Annotation, Construction and Application of §200 of Soldiers' and Sailors' Civil Relief Act of 1940, as Amended, 50 U.S.C. App. §520, Relating to Default Judgment Against Members of Armed Forces, 35 A.L.R. Fed. 649 (1977). Also, the provisions of Section 4 of the act which permit the judgment to be opened only upon application of a person in the military service and upon a showing of prejudice indicate that the act was not intended to penalize a judgment creditor who does not comply with the act so long as the judgment debtor was not a member of the armed services when the judgment was entered.

While their petition to strike the default judgments entered in these proceedings is based solely on plaintiff's noncompliance with the Soldiers' and Sailors' Civil Relief Act, defendants do not allege that they were members of the military service when these judgments were entered. Because of their failure to allege that they are within the class of persons whom the act is intended to protect, we deny their petition to strike the default judgments.

## II

Defendants offer two excuses for their failure to respond to plaintiff's complaint and ten day notice.

First, they allege that they were not required to respond to the complaint because the deputy sheriff who served defendants did not leave with Marie Fleet a second copy of the complaint but, instead, advised Marie Fleet that he would return at a later date to serve Daniel Fleet. Defendants' allegations contradict the factual allegations within the sheriff's return that he served both defendants by leaving two copies of the complaint with Marie Fleet. Since the sheriff would have personal knowledge that he left both copies of the complaint with Marie Fleet, these facts within the sheriff's return must be considered conclusive. Miller v. Carr, 221 Pa. Super. 306, 292 A.2d 423 (1972); Hollinger v. Hollinger, 416 Pa. 473, 206 A.2d 1 (1955).

Second, defendants contend that they did not understand the significance of the legal documents because they had no formal education beyond high school and believed that they would have the opportunity to defend against the allegations raised in the complaint at the hearing which was scheduled for January 24, 1984 on the papers served by the deputy sheriff. An identical excuse was rejected by the Superior Court in the case of Bahr v. Pasky, 293 Pa.

Super. 404, 439 A.2d 174 (1981). In this case, the court reversed an order which I entered opening a default judgment entered against a woman in her sixties in ill health who had only a high school education and who testified she was confused and believed that she could defend by appearing on the hearing date listed on the notice. The court said that defendant needed only to read the papers served on her to know that an answer was required, so she offered "no reasonable excuse for her mistaken belief that she did not have to take any action until the hearing date."* Also see Sharon Hill Landscaping Company v. Recreation Equipment Unlimited, 284 Pa. Super. 118, 425 A.2d 447 (1981).

For these reasons, we enter the following

## ORDER OF COURT

On this March 14, 1984, it is hereby ordered that defendants' request for a rule to show cause why these judgments should not be opened and/or stricken is denied.

---

* In the present case, defendants offer less justification than Ms. Pasky offered for opening the default judgments because (1) defendants operate a business and (2) defendants received the Pa.R.C.P. 237.1 ten day important notice which clearly informed them that an answer was required to prevent the taking of a default judgment while Ms. Pasky received no such notice.