J-A25023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GRIT DREXEL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FIDELITY NATIONAL TITLE | : | |
| INSURANCE COMPANY, AND | : | |
| CRESCENT ABSTRACT, LLC | : | No. 3091 EDA 2023 |
| | : | |
| | : | |
| APPEAL OF: CRESCENT ABSTRACT, | : | |
| LLC | : | |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230401466

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 22, 2025**

Appellant, Crescent Abstract, LLC, appeals from the November 3, 2023 order entered in the Philadelphia County Court of Common Pleas denying its petition to open or strike a default judgment. After careful review, we affirm.

The relevant facts and procedural history are as follows. On March 23, 2022, in conjunction with the purchase a piece of property, Grit Drexel, LLC ("Appellee") obtained a title insurance policy from Fidelity National Title Insurance Company ("Fidelity"). Appellant worked as an agent for Fidelity.

After learning that a significant easement had existed on the property since 1975, which precluded Appellee from using the property as it intended, Fidelity sent Appellee a letter confirming that Appellee was insured against loss for this undiscovered easement.

On April 14, 2023, Appellee initiated this lawsuit against Fidelity and Appellant for breach of contract, bad faith insurance practices, and declaratory judgment. Appellee also filed a negligence claim against Appellant for its failure to discover the preexisting easement.

On May 1, 2023, Appellee successfully served the complaint upon Fidelity. Appellee was unable to serve Appellant with the complaint, however, due to an incorrect address filed with the court.[1] On May 5, 2023, Fidelity filed preliminary objections to Appellee's complaint.

On May 26, 2023, Appellee responded to Fidelity's preliminary objections by filing an amended complaint. Within the amended complaint, Appellee raised only a single claim of negligence against Appellant—Appellee did not name Fidelity as a defendant or assert any claims against Fidelity.

On June 12, 2023, the sheriff served Appellant with the amended complaint, to which Appellee had attached a notice to defend. Appellant thereafter failed to enter any appearance in the trial court and did not file an answer to the amended complaint. On July 12, 2023, Appellee served Appellant with a notice of intent to take a default judgment. On August 17, 2023, the prothonotary entered default judgment against Appellant.

On September 29, 2023, Appellant filed a petition to strike or open default judgment, alleging it did not receive the notice of entry of default

---

[1] The court's docket incorrectly listed Appellant's address as 1221 West Chester Pike, Suite 100, West Chester, PA. In fact, Appellant's address is 65 Commerce Drive, Wyomissing, PA.

judgment. It further alleged that, when it received the amended complaint, rather than file an answer, it forwarded the amended complaint to Fidelity who "stated that it would handle defense of the claim." Petition, 9/29/23, at ¶ 10. Appellant also claimed that, after it received notice of the entry of default judgment, on or about September 1, 2023, it forwarded the notice to Fidelity, who then "failed to state one way or the other whether it would continue to defend" Appellee. *Id.* at 14. Fidelity's failure to file a petition to strike or open the default judgment purportedly prompted Appellee to engage current counsel.

With respect to striking the default judgment, Appellant asserted that the existence of "numerous defects on the face of the record," including that Appellee's failure to ever serve Appellant with the original complaint or to file a *praecipe* to reinstate the original complaint deprived the court of personal jurisdiction over Appellant and rendered the default judgment null and void. *Id.* at ¶¶ 18-27. Appellant also contended that the default judgment was defective because Appellee failed to file an affidavit of non-military service before taking the default judgment. *Id.* at ¶¶ 28-30. Last, Appellant claimed that, because Appellee filed the amended complaint without leave of court or Appellant's consent as required by Pa.R.Civ.P. 1033(a), the judgment taken thereon was invalid. *Id.* at ¶¶ 31-36.

With respect to opening the default judgment, Appellant claimed that it promptly filed the petition to open "as expediently as possible and less than one month after it received notice of the entry of the default judgment." *Id.*

at ¶ 39. It asserted that its failure to file an answer was "excusable based upon [Appellee's] failure to properly effectuate original service and [Appellant's] justifiable reliance on Fidelity's representations that it would defend [Appellant]." *Id.* Appellant set forth "numerous meritorious defenses" to Appellee's negligence claim, including: (1) Appellee's failure to establish jurisdiction over Appellee by effectuating original service; (2) Appellee's failure to join Fidelity as an indispensable party; (3) Appellee's failure to state a claim as Appellant owed Appellee no common law duty of care; and (4) Appellee's tort claim is barred by the gist of the action doctrine because its claim arises from alleged breach of contractual duties under the title insurance policy issued by Fidelity. *Id.* at 40.

Appellee filed an answer to the petition, arguing that the trial court had personal jurisdiction over Appellant because it had properly served Appellant with a copy of the amended complaint, which had rendered the original complaint a nullity. Appellee also asserted that it was not required to file an affidavit of non-military service as that requirement only applies to human beings and not to corporate entities like Appellant. With respect to Appellant's claims that the court should open the judgment, Appellee denied that Appellant had promptly filed its petition to open and had stated meritorious defenses to Appellee's negligence claim.

On November 2, 2023, the trial court denied Appellant's petition to open or strike the default judgment.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

[1.] Did the [t]rial [c]ourt err in not striking the default judgment because (a) the [t]rial [c]ourt did not have personal jurisdiction over [Appellant]; (b) [Appellee] filed the [a]mended [c]omplaint without leave of the [t]rial [c]ourt; and (c) [Appellee] failed to comply with [c]ourt [r]ules when it sought entry of default judgment?

[2.] Did the [t]rial [c]ourt err in not opening the default judgment because [Appellant] promptly filed a [p]etition to [s]trike/[o]pen, has a meritorious defense, and its failure to appear can be excused?

Appellant's Brief at 4.

**A.**

In it's first issue, Appellant asserts that the trial court erred in denying its petition to strike the default judgment. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record [and] may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC***, 223 A.3d 278, 284 (Pa. Super. 2019) (citation omitted). "A fatal defect on the face of the record denies the prothonotary the authority to enter judgment." ***Id.*** at 285. When considering whether to grant a petition to strike judgment, "a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, 700 A.2d 915, 917 (Pa. 1997). When the moving party challenges the validity of service, as in the instant case, the court must consider that issue first, because without

- 5 -

proper service the court has neither jurisdiction over the defendant nor the authority to enter judgment against the defendant. *Id.* at 919. "In making this determination, a court can consider facts not before it at the time the judgment was entered." *Id.* (citation omitted).

As a petition to strike presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." ***Digital Commc'ns Warehouse, Inc.***, 223 A.3d at 284.

Appellant contends that the trial court erred in not striking the default judgment because the record demonstrates that Appellee never served Appellant with the original complaint and, after the time passed for serving the original complaint, Appellee did not request that the prothonotary reinstate it, instead filing an amended complaint. Appellant's Brief at 12-13 (citing Pa.R.Civ.P. 401[2]). Given that Appellee did not properly service the original complaint or seek its reinstatement, Appellant contends that the trial court lacked personal jurisdiction over it. *Id.* at 13. Appellant also claims that, because Appellee never obtained leave of court to file the amended complaint, and because Appellee filed the amended complaint 21 days after Fidelity filed preliminary objections, the court should have stricken the default judgment.

---

[2] Rule 401 requires, in relevant part, the plaintiff to serve original process within 30 days after filing of the complaint. Pa.R.Civ.P. 401(a). When the complaint is not served within 30 days of its filing, "the prothonotary upon *praecipe* . . . shall continue its validity by designating . . . the complaint as reinstated." *Id.* at 401(b)(1).

*Id.* at 14 (citing Pa.R.Civ.P. 1033(a)[3]; 1028(c)[4]).  Last, Appellant asserts that the trial court erred in not striking the judgment because, in taking the judgment, Appellee failed to file an affidavit of non-military service as required by Phila. Civ. R. 1037.1.[5]  *Id.* at 16-15.  We address these claims *seriatim*.

"Courts acquire personal jurisdiction by service of process that satisfies the Pennsylvania Rules of Civil Procedure [for] original process."  ***Sharpe v. MCQuiller***, 206 A.3d 1179, 1184 (Pa. Super. 2019).  "[A] judgment entered by a trial court that lacks jurisdiction over the subject matter or the person is null and void."  ***Id.***

The filing of an amended complaint acts as a withdrawal of the original complaint, ***Reichert v. TRW, Inc., Cutting Tools Div.***, 611 A.2d 1191, 1194 (Pa. 1992), and "render[s] the original complaint a virtual nullity."  ***Brooks v. B&R Touring Co.***, 939 A.2d 398, 402 (Pa. Super. 2007).

---

[3] Rule 1033(a) states: "A party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend the pleading."  Pa.R.Civ.P. 1033(a).

[4] Rule 1028(c)(1) states: "A party may file an amended pleading as a course within twenty days after service of a copy of preliminary objections."  Pa.R.Civ.P. 1028(c)(1).

[5] Phila. Civ. R. 1037.1(1)(A) provides that "[b]efore a default judgment nay be entered in any case against a defendant who has failed to file an appearance, an affidavit must be filed by the plaintiff setting forth facts showing that the defendant is not in the military service, or that **he or she** is in the service, or that plaintiff is unable to determine whether or not **he or she** is in the service, to which may be added facts which would justify entry of judgment."  Phila Civ. R. 1037.1(1)(A) (emphasis added).

The above authority confirms that, because Appellee filed an amended complaint, and properly served it on Appellant—a fact Appellant does not dispute—the failure to serve Appellant with the original complaint is of no moment. Similarly, Appellant's claim that Appellee's failure to seek or obtain leave of court or Appellant's consent to amend the original complaint is a fatal defect on the face of the record is meritless in light of the original complaint's virtual nullification. **See Sheets v. Liberty Homes, Inc.**, 823 A.2d 1016, 1019 (Pa. Super. 2003) (where "the [original] complaint was not served, and is a nullity, there is not need to get permission or approval to amend it."). Thus, when Appellee properly served Appellant with the amended complaint, the trial court obtained personal jurisdiction over Appellant. Appellant's claim that the court erred in not striking the judgment for lack of personal jurisdiction, therefore, fails.

Appellant's claim that Appellee's failure to file a certificate of non-military service constitutes a fatal defect on the record also lacks merit. In **Tabas v. Robert Dev. Co.**, 297 A.2d 481 (Pa. Super. 1972), this Court held that "only a defendant actually in the military service of the United States may take advantage of the [p]laintiff's failure to file the proper non-military affidavit since [this requirement was] designed solely to protect only **persons** in the military service." **Id.** at 484. Moreover, the plain language of Phila. Civ. R. 1037.1(1)(A), as set forth above, uses the gendered pronouns "he" and "she," indicating its requirement to attach a non-military certificate only in the case of a human defendant. Appellant has not cited to any authority in

support of its claim that Phila. Civ. R. 1037.1(1)(A) required Appellee to file an affidavit of non-military service in the case of a defendant who is a corporate entity. Accordingly, Appellant is not entitled to relief.

**B.**

Appellant also challenges the trial court's denial of its petition to open the default judgment. "A petition to open a default judgment is an appeal to the equitable powers of the court." ***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). Thus, the decision to grant or deny the petition "is within the sound discretion of the trial court, and [appellate courts] will not overturn that decision absent a manifest abuse of discretion or error of law." ***Id.*** (citation omitted). It is well-established that "[i]ssues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder." ***Ruthrauff, Inc. v. Ravin, Inc.***, 914 A.2d 880, 888 (Pa. Super. 2006) (citation omitted).

A court may grant a petition to open default judgment only if the moving party demonstrates that it "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." ***Digital Commc'ns Warehouse, Inc.***, 223 A.3d at 285 (citation omitted).

Appellant claims that the trial court erred in not opening the default judgment because it filed its petition to open the default judgment "as expediently as possible and less than one month" after discovering that Appellee had entered the default judgment and that "its failure to appear is excusable because of [Appellee's] failure to effectuate original service." Appellant's Brief at 17-18. Appellant reiterates the meritorious defenses to Appellee's negligence claim asserted in its petition to open the default judgment. *Id.* at 18.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Id.*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

Here, Appellant has failed to support its claim of error with citation to either the record or to anything beyond boilerplate case law and has failed to analyze the facts of this case based on the law that it did provide. In so doing, Appellant has impeded this Court's ability to conduct meaningful appellate

review. Because Appellant has woefully undeveloped its argument, we are constrained to find this issue waived.[6]

**C.**

In sum, having found Appellant's claims either lacking merit or waved, we affirm the order denying its petition to open or strike a default judgment.

Order affirmed.

Judge Sullivan joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2025

---

[6] Even if Appellant had not waived this issue, it would not merit relief. Appellant claims that it failed to appear because Appellee did not serve it with the original complaint. In its brief, however, Appellant has failed to acknowledge that, on June 12, 2023, Appellee properly served it with the amended complaint. As explained above, the amended complaint rendered the original complaint a nullity. Thus, Appellant had only to file an answer to the amended complaint. It did not do so and has offered no explanation, let alone a reasonable one, as to why.