# Von Schirach *v.* Vance, et al., Appellants.

*Practice, C. P.—Judgment for want of affidavit of defense— Rule to open.*

Where defendant failed to file an affidavit of defense within the statutory period, and plaintiff, after several weeks further delay entered judgment for want of an affidavit of defense, the Supreme Court on appeal sustained the action of the lower court in refusing to open the judgment, upon application of the defendant although the affidavit of defense was filed upon the same day that judgment was entered, but after judgment was entered.

Argued January 6, 1913.   Appeal, No. 147, Jan. T., 1912, by Malcolm Briggs, Jr., one of the defendants, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1911, No. 575, discharging rule to open judgment in the case of Carl B. N. Von Schirach, Assignee of the Philadelphia Protestant Episcopal City Mission, Assignee of David M. Hess, v. Albert Vance, mortgagor, and Malcolm Briggs, Jr., real owner.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to open judgment.

The facts are stated in the opinion of the Supreme Court.

Plaintiff in an action of scire facias sur mortgage entered judgment for want of an affidavit of defense.   Defendant filed an affidavit on the same day that the judgment was entered, and subsequently obtained a rule to open the judgment.   The court after argument discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court discharging the rule to open judgment.

*Isadore Stern,* for appellant.

*Henry Budd,* with him *Charles F. Ziegler,* for appellee.

PER CURIAM, February 24, 1913:

This appeal is from an order discharging a rule to open a judgment entered for want of an affidavit of defense in an action on a mortgage.   The third Saturday after the return day of the scire facias was December 23, 1911, and the plaintiff was then entitled to judgment, no affidavit of defense having been filed.   Judgment was taken January 6, 1912.   On the same day an affidavit of defense was filed but we must assume that it was filed

after judgment as this is averred in the answer and the hearing was on petition and answer, no depositions having been taken. If the affidavit had been filed after the expiration of the statutory period, but before judgment had been entered, it would have been availing to prevent judgment: Mitchell on Motions and Rules 70; Barndollar v. Fogarty, 203 Pa. 617; Bordentown Banking Co. v. Restein, 214 Pa. 30.

As long as no advantage has been taken of a defendant's default in not filing an affidavit of defense it is open to him to do what he was required to do at an earlier day, but when because of his default, judgment has been entered, the door is closed.

The judgment is affirmed.