434 A.2d 724

**William J. PAULES, Appellant,**

**v.**

**William H. SMINKEY.**

Superior Court of Pennsylvania.

Argued March 4, 1980.

Filed Aug. 21, 1981.

224

Timothy P. Ruth, York, for appellant.

Samuel M. Learned, Jr., York, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Occasionally, our courts are faced with situations wherein the spirit underlying our rules of civil procedure is obviated by some members of the bar, and as a result, the goal of providing for the swift, orderly, and efficient administration of justice is often obstructed. Far too frequently counsel for litigants discredit the objective of court rules in order to obtain unfair advantage over their adversaries. For in-

stance, under the rule which provides for the taking of default judgments, we cannot condone the course of conduct followed by counsel for appellee in the present case who quickly "snapped up" judgment on his counterclaim without providing his opposing party with prior notice of his intention to do so.

On March 22, 1978, William J. Paules, appellant herein, filed suit in assumpsit against appellee, William H. Sminkey, to recover the sum of $3,800.00 with interest. This amount was alleged to be due and payable pursuant to an oral novation of a prior contract between Paules and Sminkey for the sale of an automobile. On April 17, 1978, Sminkey timely filed and properly served an answer, new matter and counterclaim for the amount of $950.00 with interest. Attached to this pleading was the standard notice to defend pursuant to Pennsylvania Rule of Civil Procedure 1018.1. In the answer, new matter, and counterclaim, Sminkey alleged a series of transactions between the two parties for the purchase and sale of automobiles which, in his overall calculation, left Paules owing Sminkey $950.00 plus interest and costs.

Paules failed to file a responsive pleading to Sminkey's counterclaim despite the fact that it was prefaced with the Rule 1018.1 notice to defend. On May 9, 1978, two days after the time for filing had run, Sminkey's attorney entered a default judgment against Paules in the amount of $950.00 for failure to file a reply to Sminkey's pleading. Three days later on May 12, 1978, Paules filed a petition to open judgment and, on the same day, the Court of Common Pleas of York County granted a rule against Sminkey to show cause why the judgment should not be opened so that Paules could put forward a defense to Sminkey's counterclaim. Paules' petition alleged that he is a resident of Massachusetts and that this hindered communications between him and his attorney. He proferred this as his reasonable excuse for not filing a responsive pleading within the required twenty day period. Sminkey thereafter filed his answer to the petition to open judgment on May 22, 1978 and specifi-

cally denied Paules' asserted reason for his failure to file a responsive pleading.

On June 5, 1978, Paules filed a motion to amend his petition to open judgment so as to allege meritorious defenses to Sminkey's counterclaim because they were not present in his original petition to open judgment. On June 8, 1978, Sminkey filed an answer to the motion to amend along with a rule to show cause. why Paules should not proceed under Pa.R.C.P. 209. After the court issued the rule to show cause, a status conference was held on June 20, 1978 pursuant to which an order was issued. The terms of this order indicated that Paules' counsel should list the case for argument on his motion to amend the petition to open judgment and that Paules would not be obliged to proceed under Pa.R.C.P. 209 until the court entered an order on the motion to amend. Further, the order contemplated that "counsel for plaintiff shall at that time take the initiative in listing the petition to open judgment for pre-trial disposition in accordance with our local rules. *We assume this will be after depositions. We expect counsel to move expeditiously.*" (Emphasis added.)

Subsequently, the lower court granted Paules' motion for leave to amend his petition by order dated September 27, 1978. On October 17, 1978, Paules filed his amended petition to open judgment with the only difference being that he attached his proposed answer to the new matter and counterclaim as Exhibit "A". On that same day Sminkey filed his answer to Paules' amended petition to open judgment again specifically denying Paules' asserted excuse for not timely filing a responsive pleading. Also on October 17, 1978, the court below issued an order stating that "[s]ince it is obvious that no one is going to order this case for argument on petition and answer alone, the court now contemplates that the parties will proceed to take depositions consistent with Rule 209." Counsel for Paules, however, did not take depositions but rather ordered the case for argument on the amended petition and amended answer alone. The trial court then entered an order on December 6,

1978 dismissing Paules' amended petition to open judgment. This appeal followed.

It is by now well-settled that "a default judgment in an assumpsit action will not be opened unless (1) the petition to open was promptly filed; (2) the petitioner's failure to respond was excusable; and (3) a meritorious defense can be shown." *Cruse v. Woods*, 279 Pa.Super. 242, 420 A.2d 1123 (1980). *See also Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250 (1981); *Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980); *Horan v. Cook*, 287 Pa.Super. 265, 430 A.2d 278 (1981); *Sharon Hill Contracting v. Recreational Equip.*, 284 Pa.Super. 118, 425 A.2d 447 (1981). Moreover, such matters are left to the sound discretion of the trial court, whose decision will not be disturbed absent a manifest abuse of discretion or an error of law. *Id.*

The lower court's decision in the instant appeal turned mainly upon the procedural aspects of Pennsylvania Rule of Civil Procedure 209. Under this rule which is entitled "Duty of Petitioner to Proceed After Answer Filed," the moving party may either proceed to take depositions on disputed issues of fact, or order the cause for argument on petition and answer alone. If the latter course is followed, the rule then provides that all property pleaded averments of fact contained in the answer, in so for as they are responsive to those contained in the petition, are deemed to be admitted in determining the merits of the petition. Pa.R.C.P. 209. *See Shainline v. Alberti Builder's Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979); *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974).

In the instant case, the excuse offered by Paules in his petition and amended petition was specifically denied by Sminkey in his answer and amended answer to such pleadings. Thus, under Rule 209, Sminkey's averment of fact which specifically denied Paules' proferred excuse was deemed to be admitted for our purposes. This being the case, the decision of Paules not to take depositions on the disputed questions of fact, despite more than adequate prodding by the trial court, was inexcusable.

Nevertheless, we would be remiss to penalize an innocent party for the negligent handling of his case by counsel. In *White v. Alston*, 231 Pa.Super. 438, 443, 331 A.2d 765, 768 (1974) this Court, under similar circumstances, refused to deny a litigant his day in court simply on the basis of the oversight of his counsel:

> While, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of a reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel.

*Id.* (quoting from several earlier cases).

Thus, in *White v. Alston, supra,* as well as in *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1978), we remanded the case to the lower court to again afford the appellant the opportunity to proceed under Pa.R.C.P. 209.

Moreover, in addition to our reluctance to penalize appellant for the inadvertence of counsel, we must again indicate our abhorrence of the deplorable practice of certain members of the legal profession who persist in quickly "snapping up" judgments without the courtesy of notifying their counterparts of their intention to do so. "Although the Rules of Civil Procedure do not contain a notice requirement, we have repeatedly chastized counsel for failing to accord that courtesy."[1] *Brooks v. Surman Dental Lab., Inc.,* 262 Pa.Su-

1. We note, however, that appellant, in his brief, points us to Canon 7, Ethical Consideration 7–38 and Disciplinary Rule 7–106 of the Code of Professional Responsibility regarding the requirement that an attorney should afford prior notice to opposing counsel of his intention not to follow local customs of courtesy and practice. *See also Silverman v. Polis,* 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454–55 (1974). Former Rule 205 of the Pennsylvania Rules of Civil Procedure, rescinded effective October 27, 1976, adopted the Code of Professional Responsibility of the American Bar Association standard of conduct for attorneys of all courts of the Commonwealth. Since Rule of Disciplinary Enforcement 102 now incorporates the Code of Professional Responsibility, Rule 205 of the Rules of Civil Procedure was rescinded in order to avoid duplicity in the rules. Nevertheless, the explicit requirement now contained in Rule 237.1

per. 369, 373, 396 A.2d 799, 802 (1972). *See also Kennedy v. Black, supra.* In fact, this author, writing for a majority of the Court in *Silverman v. Polis,* 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454–55 (1974), once stated:

> One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted.]

> . . . . .

> . . . [A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision. [Footnote omitted.]

Cases such as those quoted above have led our Supreme Court to state recently that "snap judgments taken without notice are strongly disfavored by the courts." *Queen City Electrical Supply Co. v. Soltis Electric Co.,* 491 Pa. 354, 361, 421 A.2d 174, 177–78 (1980).

Finally, it must be noted that Pennsylvania Rule of Civil Procedure 237.1, effective February 1, 1980, now requires an affidavit of prior written notice of intent to enter a default before the prothonotary may enter judgment. Pa.R.Civ.P. 237.1. The explanatory note to the rule indicates that this requirement was implemented upon the Superior Court's recommendation to adopt a requirement of prior notice in *Silverman v. Polis, supra* and *Brooks v. Surman Dental Lab., Inc., supra.* Although the new rule is not applicable to the present case, the facts of which transpired in 1978, it is in keeping with the spirit of this new rule, as it manifests itself

will, for the most part, negate the likelihood that future litigants need depend upon this more circuitous argument.

in cases such as in *Silverman*, Brooks *and* Queen City Electrical Supply Co., *that we determine the equities of this matter to be overwhelmingly in favor of appellant Paules.* See Toplovich et al. v. Spitman, *239 Pa.Super. 327, 361 A.2d 425 (1976). The fact that a "snap judgment" was taken without notice to opposing counsel, combined with the fact that opening the judgment would not result in any prejudice to appellee, supports our decision to reverse the court below.* Id. *To allow counsel to use every niggling procedural point in furtherance of an attempt to avoid the burdens of litigation with respect to both his defense and his counterclaim would subvert the very purposes behind our rules regarding default judgments:*

> The rules which authorize a default were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended 'to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation.'

*Shainline*, 266 Pa.Super. at 139, 403 A.2d at 582, (quoting, in part, from *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976)).

For all of the foregoing reasons, the order of the court below denying the petition to open judgment is reversed and the case is remanded in order that the case may proceed to trial. In this regard we note that the only purpose for requiring that depositions be taken pursuant to Rule 209 would have been to factually establish Paules' basis for not filing a timely answer to Sminkey's counterclaim. Inasmuch as Sminkey took judgment only two days after the answer was due without notifying Paules of his intention to do so, we are inclined to eschew the requirement that Paules' delay in filing his answer be explained. The judgment is therefore, opened and the case will now proceed to trial.

Reversed and remanded.