446 A.2d 641

Betty Louise BUTTERBAUGH

v.

WESTONS SHOPPER CITY, INC., Appellant.

and

Nicholas TALERICO

v.

WESTONS SHOPPER CITY, INC., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 13, 1981.

Filed June 4, 1982.

James A. Beinkemper, Pittsburgh, for appellant.

James D. Carmella, Indiana, for Butterbaugh, appellee in No. 373.

Raymond Zadzilko, Indiana, for Talerico, appellee in No. 374.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant filed these appeals from an order denying Appellant's motion to open the default judgment that was entered in each case. For the following reasons, we reverse and remand.

Appellee Talerico filed a complaint in trespass which was personally served upon Appellant on June 20, 1979. On July 11, 1979, Appellee praeciped for entry of a default judgment. Appellee Butterbaugh filed a complaint in trespass which was personally served on Appellant on June 22, 1979. Appellee Butterbaugh proceeded to praecipe for a default judgment on July 16, 1979.

In both cases, Appellant's insurance carrier received the official summons on July 18, 1979. The summons had been transmitted from Appellant to its New York office to its insurance broker and, finally, to its insurer. When the insurer contacted Appellant's counsel, the insurer was informed that a default judgment had been entered in each case.

Counsel for Appellant entered his appearance in each case on July 20, 1979. On September 17, 1979, Appellant petitioned in both cases for a rule to show cause why the default judgment should not be opened. Both petitions were denied by the order of March 13, 1981, which forms the basis for the instant appeals.

In both petitions to open, Appellant avers that it did not receive notice that a default judgment would be entered. The petitions also averred that Appellant's counsel had contacted Appellee's counsel by mail in an effort to open the default judgment but that Appellee's counsel had not replied

in the Talerico case and had sent a noncommital reply on August 23, 1979, in the Butterbaugh case.

The trial judge's opinion expressed disapproval of Appellee's filing of a praecipe for default judgment on the 21st and 25th days, respectively, after service in each case. The judge also expressed disapproval of Appellee's failure to notify Appellant of an intention to praecipe for a default judgment.

Despite Appellee's seeming lack of professional courtesy in each case, the trial judge held that Appellant's failure to petition promptly to open the judgments was the controlling factor in both cases. In *Talerico*, the petition to open was not filed until 61 days after the judgment had been entered. In *Butterbaugh*, the petition was filed 56 days after judgment had been entered.

Pennsylvania appellate courts have stated on numerous occasions that three factors must coalesce before a default judgment can be opened. First, the petition to open must be promptly filed. Second, the petitioner's failure to respond to the complaint must be excusable. Third, in assumpsit cases,[1] petitioner must show a meritorious defense. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973); *see Paules v. Sminkey*, 290 Pa.Super.Ct. 223, 227, 434 A.2d 724, 726 (1981); *Carson Pirie Scott & Co. v. Phillips*, 290 Pa.Super.Ct. 353, 356, 434 A.2d 790, 791 (1981).

---

1. The relevance of a meritorious defense to trespass actions, like the instant cases, is explained in *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971):

The rule has always been that where the equities are otherwise clear, in a trespass action as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. The difference is attributable to differing pleading practices. In assumpsit the case is not in issue until an "affidavit of defense" (answer) is filed, whereas in trespass no affidavit of defense is required. Thus while a good defense would normally not be required in a trespass action, where present it can at least qualify as an equitable consideration favoring the opening of judgment. In fact, when the other equities are not clear, the rule seems to demand a defense. [Citations omitted.]

*Id.*, 446 Pa. at 140 n.3, 285 A.2d 130–131 n.3.

■ On appeal, a default judgment will not be opened unless the lower court either erred regarding the law or abused its discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. at 498, 305 A.2d at 700; *Paules v. Sminkey*, 290 Pa.Super.Ct. at 227, 434 A.2d at 726. Before we can determine that the lower court erred or abused its discretion, the three factors cited above must be present.

■ In the instant case, the lower court recognized that two of the aforesaid factors were present. Appellant offered a reasonable excuse for its delay in filing an appearance since the twenty-day period was consumed in each case by transmitting the complaints from one office to another. Also, the court accepted Appellant's allegation that a meritorious defense existed in each case, even though a defense was not required since the instant cases are actions in trespass.

We agree with the lower court that Appellant had both a reasonable excuse for failing to respond to the respective complaints and a meritorious defense. We disagree, however, that Appellant failed to petition promptly to open the judgments. Although Appellant did not file petitions to open until 61 days and 56 days after the respective judgments had been entered, Appellant's counsel had attempted to negotiate by mail with Appellee's counsel to open the judgments in each case.

A petition to open a default judgment is "an appeal to the equitable discretion of the court." *Ruggiero v. Phillips*, 250 Pa.Super.Ct. 349, 353, 378 A.2d 971, 973 (1977). Accordingly, our court will look beyond the length of time that has expired between the entry of the default judgment and the filing of the petition to open to determine if a valid excuse exists for the lapse of time in each case.

In *Ruggiero v. Phillips*, the plaintiffs' attorney entered a default judgment, without notice, against the defendants on the 21st day after the complaint had been filed. The de-

fendants' attorney was not informed of the default judgment until 16 days after it had been entered. Although the petition to open was not filed until almost four (4) months after the defendants learned that the default judgment had been entered against them, our court reversed the lower court's denial of the petition to open. Not only did our court severely criticize the plaintiff for entering a "snap" judgment, but we also found that a justifiable reason existed for the four-month delay in filing the petition to open. During this time, the defendants' attorney was attempting to negotiate to have the judgment opened voluntarily.

In *Queen City Electrical Supply Co. v. Soltis Electric Co.*, 491 Pa. 354, 421 A.2d 174 (1980), the plaintiff entered a snap judgment without notice one day after the time allowed for filing answers. The supreme court stated five reasons why the twenty (20)-month delay in filing the petition to open the default judgment should be granted:

> (1) the garnishee is a stranger to the underlying transaction, (2) the default was excusable, (3) the answers to interrogatories were filed one day after the default judgment was taken, (4) the garnishor would reap a windfall in excess of $20,000.00, and (5) although the petition to open was not filed for twenty months, the garnishor sustained no prejudice from the delay.

*Id.*, 491 Pa. at 356, 421 A.2d at 175.

In contrast with the foregoing cases, in *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super.Ct. 532, 375 A.2d 368 (1977), and *Hatgimisios v. Dave's N. E. Mint, Inc.*, 251 Pa.Super.Ct. 275, 380 A.2d 485 (1977), our court held that delays of 47 days and 37 days, respectively, before filing the petitions to open did not constitute prompt filing when the respective delays were unexplained. If counsel merely delays filing the petition to open—without any valid excuse or attempt to negotiate with opposing counsel—even 37 days can constitute an unexcused delay, while a valid excuse can absolve even a 20-month delay.

In balancing the equities in the instant case, we find that the scale tips in Appellant's favor. Appellant offered a reasonable excuse for failing to file a response in either case, and Appellant offered a meritorious defense in both cases. Although Appellant did not file petitions to open until 61 and 56 days, respectively, after entry of the judgments, Appellant's counsel did attempt to negotiate with Appellee's counsel to open the judgment. On the other hand, Appellee failed to notify Appellant that a default judgment would be entered. Also, Appellee was quick to enter "snap" judgments in both cases.

Although the notice requirement in such cases, Pa.R.C.P. 237.1,[2] was not effective when judgment was entered in the instant case, our court has repeatedly chastised counsel for failing to give notice. *Paules v. Sminkey*, 290 Pa.Super.Ct. at 227, 434 A.2d at 726; *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super.Ct. 369, 373–374, 396 A.2d 799, 802 (1979). Our court has viewed a lack of notice as the important factor which justifies opening a default judgment. *Paules v. Sminkey*, 290 Pa.Super.Ct. at 229, 434 A.2d at 727; *Silverman v. Polis*, 230 Pa.Super.Ct. 366, 370, 326 A.2d 452, 454–455 (1975). Likewise, our court has expressed abhorrence at the practice of "snapping up" judgments on or near the twentieth day without providing notice to the opposing party. *Paules v. Sminkey*, 290 Pa.Super.Ct. at 228, 434 A.2d at 726.

For the foregoing reasons, the order of March 13, 1981, is reversed; and both cases are remanded for further proceedings consistent with this opinion.

2. The pertinent section of Pa.R.C.P. 237.1 states:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice of agreement shall be attached to the praecipe.

Adopted Dec. 14, 1979, effective Feb. 1, 1980.