447 A.2d 974

**William A. GIALLORENZO and Lucy Ann Horchak, Appellants,**

v.

**AMERICAN DRUGGISTS' INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed July 2, 1982.

Joseph M. Stanichak, Aliquippa, for appellants.

Terry C. Cavanaugh, Pittsburgh, submitted a brief on behalf of appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from an order striking a default judgment in an assumpsit action seeking recovery under a policy of fire insurance. Finding no abuse of discretion by the lower court, we affirm.

In June, 1981, the Plaintiffs filed their complaint against the American Druggists' Insurance Company (Defendant) for property losses alleged to have occurred in October 1980 to certain premises in Aliquippa, Beaver County. One month later, counsel for the Defendant entered an appearance on its behalf by mailing his praecipe to the Beaver County Prothonotary from his law office in Pittsburgh. A copy of the letter forwarding the praecipe to the Prothonotary was mailed to Plaintiffs' counsel and contained a blind

post script requesting twenty additional days in which to review the Complaint just received by defense counsel from the Defendant.

The very day (July 15, 1981) that Plaintiffs' counsel received the copy of the letter by which the praecipe for appearance had been mailed to the Prothonotary, he responded acknowledging receipt of the copy and indicating, on behalf of his clients, that "[w]e need money immediately for demolition and that's why we will have to press as rapidly as possible."

On September 9, 1981, nearly three months after the Complaint had been filed, and nearly two months after defense counsel had requested twenty days in which to review the Complaint, Plaintiffs' counsel again wrote to defense counsel, stating:

"In your letter of July 14, 1981, you requested an additional 20 days to file an answer to the Complaint, which have long since passed. *Because of the pressing nature of this matter, you are hereby requested to file an appropriate answer within ten (10) days from the date of this letter before I enter a default judgment.* I am sorry that I have to do this, but I am in jeopardy of losing my client at this moment." [Emphasis added.]

Thereafter, on September 22, 1981, Plaintiffs' counsel filed his Praecipe for Judgment for Want of an Answer and Assessment of Damages. Accompanying the Praecipe was an Affidavit of Notice to which were attached copies of the letter of Defendant's counsel (containing the blind post script requesting twenty additional days) and the letters of Plaintiffs' counsel mailed to defendant's counsel in July and September.

On September 23, 1981, an Answer and New Matter were filed in Beaver County on behalf of the Defendant.[1] On

1. The Answer and New Matter contained the affidavit of defense counsel, but did not set forth the source of the affiant's information as to matters not stated upon his own knowledge, if any, nor did it set forth the reason why the verification was not made by the party filing the pleading, in apparent violation of Pa.R.C.P. 1024(c). A

October 9, 1981, Defendant's counsel filed a Motion to Strike Judgment. The Motion was without any verification as required by Pa.R.C.P. 1024(a) but contained an averment that the notice of default judgment was received in the offices of the defense counsel on September 28, 1981. Following the Plaintiffs' filing of an Answer to Petition to Strike [sic], a hearing was held on the Motion to Strike Judgment, and the lower court entered its Order granting the motion. Plaintiffs appeal from the order striking the judgment.

█ Whether to strike a default judgment in an assumpsit action is left to the sound discretion of the trial court, whose decision will not be disturbed absent a manifest abuse of discretion or an error of law. *Paules v. Sminkey,* 290 Pa.Super.Ct. 223, 227, 434 A.2d 724, 726 (1981). Pennsylvania Rule of Civil Procedure 237.1, effective February 1, 1980, now requires an affidavit of prior written notice of intent to enter a default judgment, or a written agreement for an extension of time, before the prothonotary may properly enter judgment. Rule 237.1 provides in pertinent part:

**Rule 237.1 Notice of Praecipe for Entry of Default Judgment**

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a *written notice of intention* to file the praecipe *was mailed or delivered to the party* against whom judgment is to be entered *and to his attorney of record,* if any, *after the default occurred* and at least ten days prior to the date of the filing of the praecipe. *If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter,* judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe. [Emphasis added.]

"Corrected Affidavit" was subsequently filed on November 2, 1981, with the verification of the authorized agent of the Defendant.

■ In his argument before the lower court on the Motion to Strike, and again both in his brief and at oral argument before this court, Plaintiffs' counsel conceded that the September 9, 1981 letter requesting Defendant's counsel to file an answer within ten days or suffer a default judgment did not constitute the notice required under Rule 237.1(a). This would be so on the basis that the letter was only mailed to the Defendant's attorney of record and not also to the Defendant itself, as required by the Rule. Nor is it clear that a default had occurred at the time the September 9, 1981 letter was sent, given the contents of the prior correspondence.

Plaintiffs seek to argue, however, that the second half of Rule 237.1(a) contemplated "informal agreements" requiring a "written extension of time." While we can accept the suggestion that the blind post script contained at the bottom of defense counsel's letter to the Prothonotary in July 1981 constituted a request for an extension of time, we cannot conclude that the second letter of Plaintiffs' counsel dated September 9, 1981 perfected the kind of *written agreement* intended by the Rule. Prior to the letter of September 9, 1981, no "agreement" between counsel existed. We agree with the argument advanced on behalf of the Defendant-Appellee that the Plaintiffs attempted to do by counsel's letter of September 9th that which Rule 237.1 was precisely formulated to prevent. The record discloses that there was simply no "written agreement" reached between counsel specifying a time within which the answer was to have been filed, with a default occurring thereafter.

If the Plaintiffs had desired to place the matter in a posture to permit a proper praecipe for default judgment, they need merely to have issued the notice required by Rule 237.1(a), in a form substantially as set forth in Rule 237.1(c), and either mailed or delivered it to both the Defendant and its counsel of record. Plaintiffs chose not to do so, however, and sent the letter of September 9, 1981 which simply follows the practice prior to the new rule.

We are unable to understand any reason why the Defendant did not file its responsive pleading at any time prior to September 23, 1981. Our careful reading of the averments contained in the Answer and New Matter do not reveal any facts which would not have been available to the Defendant within the normal twenty-day period provided in Pa.R.C.P. 1026. The fire loss occurred in October 1980, and the Defendant admits to having received notice, "of sorts," of the fire loss and damage.

While we may sympathize with Plaintiffs' counsel concerning the apparent needless delay in the filing of a responsive pleading, we nevertheless are constrained to apply the clear mandatory requirements of Rule 237.1, and in so doing, find that the lower court was free from any manifest abuse of discretion in striking the default judgment. We express no opinion as to the merits of the case or as to any rights which the insured may have under the policy of fire insurance.

The order striking the judgment is affirmed.