449 A.2d 710

**Thomas BASSARO, Joseph G. Hudak, Harold Karlinsey, John Strittmatter, Francis Farabaugh, Dennis Marshall, William Kokla and Paul Ivory,**

v.

**BARNES & TUCKER COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed Aug. 20, 1982.

324

John T. Schmidt, Pittsburgh, for appellant.
Melvin P. Stein, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This appeal involves a dispute between appellant, Barnes and Tucker Company, a company engaged in operating coal mines, and eight of its employees. The dispute arose in November 1978, when appellees, returning from work, discovered that their cars had been vandalized. The cars were

parked in the company lot. Appellees filed this action against appellant seeking reimbursement for the cost of repairing their cars. Appellant filed preliminary objections asserting that appellee's sole remedy lay in the arbitration procedure contained in the collective bargaining agreement between the parties, and that the lower court therefore lacked subject matter jurisdiction. On July 15, 1979, the lower court entered an order dismissing the preliminary objections and this appeal followed.

The lower court's order is not one of the interlocutory orders described in Pa.R.A.P. 311 as an order from which an appeal may be taken as of right. Appellant, however, argues that its appeal is authorized by the Act of March 5, 1925, P.L. 23 § 1, 12 P.S. § 672, repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) (1069), effective June 27, 1980. We disagree. The lower court's refusal to grant appellant's preliminary objections was a determination of the parties' rights under their collective bargaining agreement. The lower court had the right to interpret the terms of the agreement, and its determination did not become a question of jurisdiction because the court concluded that this dispute was not within the arbitration clause. Since this appeal therefore raises a question of contract law and not of jurisdiction, it is interlocutory and unappealable. *See, Shaw Elec. Co. v. IBEW*, 422 Pa. 211, 220 A.2d 889 (1966); *Wechsler v. Newman*, 256 Pa.Superior Ct. 81, 389 A.2d 611 (1979).

APPEAL QUASHED.

LIPEZ, J., files a concurring statement.

LIPEZ, Judge, concurring:

I agree that the lower court's determination, rightly or wrongly, as to the parties' rights does not raise a jurisdictional question and hence the appeal should be quashed. The correctness of its interpretation must await another day.