Township of Chester, Appellant *v.* Thomas J. Stapleton, Jr., Richard L. Colden, Jr., and Stapleton, Colden & Cullen, Appellees.

142

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*James H. Gorbey, Jr.,* with him *Christopher F. Gorbey,* for appellant.

*Richard L. Hughey,* for appellees.

OPINION BY JUDGE DOYLE, February 17, 1983:

This is an appeal from an order of the Court of Common Pleas of Delaware County denying the Petition of the Township of Chester to open and/or strike a default judgment entered on November 17, 1981. We affirm.

On May 8, 1981, Thomas J. Stapleton, Jr., Richard L. Colden, Jr., and the firm of Stapleton, Colden & Cullen (Plaintiffs) instituted an action in assumpsit against the Township of Chester (Defendant) to recover fees due for legal services rendered on behalf of township officials during 1979 and 1980. Effective service of the complaint was made on July 1, 1981. Defendant filed no answer and on July 23, 1981, plaintiffs sent a ten-day notice of default letter pursuant to Pa. R.C.P. No. 237.1. Defendant then filed, on July 28, 1981, preliminary objections to the complaint. Plaintiffs filed a memorandum in opposition to the preliminary objections on August 28, 1981 and on September 17, 1981, the court of common pleas entered an order partially sustaining the objections and allowing Plaintiffs twenty days to amend the complaint by incorporating an exhibit from their memorandum which itemized the legal services rendered and fees due. The exhibit was filed on September 18, 1981 as an amendment to the original complaint, and was served on Defendant the same day.

On October 14, 1981, Defendant, through its solicitor, requested a thirty day extension of time in

which to file an answer. By letter of October 20, 1981, Plaintiffs granted an extension until November 13, 1981, thirty days from the date of Defendant's letter of request. On November 17, 1981, when no answer was yet filed, Plaintiffs filed a praecipe for judgment in default for failure to file an answer. An order was entered the same day in the amount of $20,134.04.

Defendant filed an answer to Plaintiffs' amended complaint on November 23, 1981 and simultaneously petitioned the court to open judgment. A hearing was held on January 26, 1982 and on March 4, 1982 the court of common pleas entered an order denying the petition to open judgment. This appeal followed.

Denial of a petition to open judgment is a matter of judicial discretion and will not be reversed unless there has been an error of law or a manifest abuse of discretion. *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970). Defendant alleges error of law in the court's interpretation and application of the Pennsylvania Rules of Civil Procedure and charges abuse of discretion in the court's analysis of the equities in the case.

### Error of Law

Defendant first argues that the default judgment was improperly entered under Pa. R.C.P. No. 1037(b). Rule 1037(b) provides, in pertinent part:

> The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by the defendant's pleadings.

The Defendant urges that the procedure under Section (b) of the Rule is available only for failure to timely file an answer to the original complaint and not for failure to timely file an answer to an amended complaint. We disagree. The Rule itself does not

distinguish between the original and amended complaints and failure to timely file an answer to an amended complaint has been treated within the ambit of 1037(b). *See Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa. Superior Ct. 252, 319 A.2d 682 (1974).

Defendant next argues that the default judgment cannot stand because the amendment to the complaint filed did not contain a notice to defend, required by 1037(b) and Pa. R.C.P. No. 1018.1. Plaintiffs counter that the original complaint was properly endorsed with a notice to defend and as the amendment filed did not supercede any portion of that complaint, but only added to it, the notice to defend on the original carries over. We agree. Where, as here, the Plaintiff files a properly endorsed complaint, then files an amendment which does not supplant but rather supplements the original complaint, the amendment merges with the original and does not require an additional notice to defend under Pa. R.C.P. No. 1018.1.[1] In such cases,

---

[1] Plaintiff urges that verification required by Pa. R.C.P. No. 1024 was similarly carried over from the original complaint. We disagree. The two requirements are not similar. The notice to defend attached to the original complaint easily informs the defendant of the need to defend against the original complaint and any additions subsequently made to it. The affidavit attesting to the verity of the allegations in the original complaint cannot reasonably be considered to attest to the verity of factual allegations added subsequently. We think the error in failure to attach verification to the amendment, however, is *de minimis*. The purpose of verification is to defend a party against spurious allegations. *Monroe Contract Corp. v. Harrison Square, Inc.*, 266 Pa. Superior Ct. 549, 405 A.2d 954 (1979). Here the itemized bill had been sent to Defendant by letter, was before the court in the memorandum contra the preliminary objections, and was added to the complaint at the court's discretion. In addition, it raises no additional separate allegation but rather details allegations already verified. We will not be hypertechnical and read the Rule which requires verification of the pleadings to defeat the validity of the amendment in this case. *Id.*

the amendment must, of course, be properly endorsed with a notice to plead, in order to demand a responsive pleading under Pa. R.C.P. No. 1026. Plaintiffs' amendment was endorsed with a notice to plead, but Defendant argues that the failure of counsel for Plaintiffs to sign the notice to plead is a fatal defect. We disagree. While it is the better practice for counsel to sign the notice to plead, error in the failure to do so is *de minimus*, and is not fatal to the default judgment. *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972).

Defendant finally argues that Plaintiffs failed to give ten days prior notice of their intention to enter a default judgment as required by Pa. R.C.P. No. 237.1(a). This argument clearly fails. Rule 237.1(a) expressly provides: "If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule." Here, Defendant requested and received written extension until November 13, 1981 of the time in which to answer Plaintiffs' amended complaint. No other notice was required under the Rule.

The court of common pleas did not err in its interpretation and application of the Pennsylvania Rules of Civil Procedure.

## ABUSE OF DISCRETION

The Defendant also argues that the court of common pleas abused its discretion in refusing to open the default judgment. The criteria for grant of a petition to open a default judgment are well established:

[A] court should not exercise its discretion to grant a petition unless the petitioner meets three requirements:

"(1) the petition to open has been promptly filed;

(2) a legitimate explanation exists for the delay that prompted the default judgment; and

(3) a meritorious defense is averred."

*Mahler v. Emrick,* Pa. Superior Ct. , , 446 A.2d 321, 322 (1982) (quoting *Hatgimisios v. Dave's N.E. Mint, Inc.,* 251 Pa. Superior Ct. 275, 276, 380 A.2d 485, 485 (1977)). The court of common pleas noted that Defendant's petition was promptly filed and offered a meritorious defense to Plaintiffs' claim. The court found, however, that Defendant had failed to reasonably explain the failure to timely answer Plaintiffs' amended complaint and therefore declined to open the default judgment.

Defendant advances many excuses for the delay in filing an answer.[2] Many of these address the heavy workload of the Defendant's solicitor and his duties with regard to the other complex litigation in which the Defendant is involved. Judge REED, for the court of common pleas, rejected these excuses and succinctly pointed out: "This fact affords no excuse for this delay, otherwise, any Counsel's workload would determine compliance with the Rules. Counsel is obligated to comply with all specific time limitations. Counsel always has a duty to supervise his workload and see that time requirements are met." *Stapleton v. Chester Township* (No. 8106585, filed March 4, 1983), slip op. at 3-4. The other activities of Defendant and the demands on its counsel provide no satisfactory excuse for the failure to timely file a responsive pleading. *See Shainline v. Alberti Builders, Inc.,* 266 Pa. Superior Ct. 129, 403 A.2d 577 (1979); *King v. Fayette Aviation,* 226 Pa. Superior Ct. 588, 323 A.2d 286 (1974).

---

[2] We note that some of the excuses offered here are similar to those found inadequate by this Court in another recent appeal by the Township of Chester of an order refusing to open a default judgment entered against it. *See Township of Chester v. Steuber,* 72 Pa. Commonwealth Ct. 134, A.2d (1983).

Defendant offers as further excuse the fact that the letter granting the extension for filing an answer until November 13, 1981 was sent to the Defendant, not to its solicitor. Defendant avers that the officials who received it assumed Plaintiffs would give ten days notice prior to entry of a default judgment. This does not excuse the failure to timely answer. In the face of the specific limit to the extension of time granted in the letter, Defendant cannot rely on an erroneous interpretation of the Rules of Civil Procedure and claim ignorance that an answer was due on or before the date specified. Moreover, we cannot say that the official's assumption that the notice of default requirement automatically provided a ten-day grace period beyond the November 13 deadline was reasonable.

In addition, lack of actual notice to the solicitor of the November 13, 1981 deadline provides no excuse for the failure to timely answer. It was the solicitor's letter of October 14, 1981 which requested an additional thirty days in which to answer. Assuming *arguendo* that when the solicitor received no response to his request it would have been reasonable to believe that Plaintiffs had acquiesced in the request, we think it clear that it would be unreasonable to believe that an extension of time beyond that which was requested had been granted. November 13, 1981 was thirty days after the October 14 date of the solicitor's letter. November 13, 1981 was thirty-five days beyond the twenty day period originally afforded to answer the amended complaint.[3] There was no reason to believe he could answer the amended complaint after November 13, 1981.

An abuse of discretion is not merely an error of judgment, but is found rather if the court misapplies

_____

[3] The amendment to the complaint was filed on September 18, 1981. The twenty-day period for filing a response under Pa. R.C.P. No. 1026 lapsed on October 8, 1981.

the law in reaching a conclusion or exercises its judgment in a manifestly unreasonable way. *Women's Homoeòpathic Hospital of Philadelphia Case*, 393 Pa. 313, 142 A.2d 292 (1958); *Echon v. Pennsylvania Railroad Co.*, 365 Pa. 529, 76 A.2d 175 (1950). The party complaining of abuse of discretion bears a heavy burden. *Mackarus Estate*, 431 Pa. 585, 246 A.2d 661 (1968). We do not find that burden met here. The court did not abuse its discretion in refusing to open the default judgment against Defendant.

ORDER

Now, February 17, 1983, the order of the Court of Common Pleas of Delaware County in the above referenced matter, dated March 4, 1982 is hereby affirmed.