474 A.2d 339

**VISION SERVICE PLAN OF PENNSYLVANIA, a Not-For-Profit Corporation,**

**v.**

**PENNSYLVANIA AFSCME HEALTH AND WELFARE FUND; Gerald W. McEntee, Trustee; Jesse C. Newcomer, Trustee and Administrator, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed April 13, 1984.

476

Jonathan Walters, Pittsburgh, for appellants.

John J.B. Jones, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from a lower court order denying a petition to strike or open a judgment. Plaintiff-Appellee, Vision Service Plan of Pennsylvania, instituted this action in the lower court against Defendant-Appellants, Pennsylvania AFSCME Health and Welfare Fund, Gerald W. McEntee, Trustee, and Jesse C. Newcomer, Trustee and Administrator, seeking damages for breach of contract.

 Plaintiff's Complaint was served on Defendants on September 29, 1981. On October 14, 1981, Defendants' counsel telephoned Plaintiff's counsel and requested an extension of time in which to respond to the Complaint. Plaintiff's counsel agreed to an extension of twenty days from the date of the telephone call. By letter dated October 20, 1981, Defendants' counsel confirmed the oral agreement and stated that a response would be filed on or before November 3, 1981.[1] On November 4, 1981, counsel for Defendants mailed preliminary objections to the Prothono-

---

1. The Appellants contend that their preliminary objections were filed within the twenty day extension period which had been agreed upon by the parties. They assert that the period must be considered to run from the date their response was originally due, rather than twenty days from the date of the telephone conversation between counsel in which the extension was discussed. We must agree with the lower court, which rejected such an assertion. The letter from defense counsel dated October 20, 1981 makes it absolutely clear that the parties had agreed to an extension of time only until November 3, 1981 for Defendants' response to the Complaint to be filed. We find Appellants' contentions as to any other due date to be implausible.

tary and to Plaintiff's counsel, which were received by both on November 6, 1981. However, the Prothonotary's office refused to docket Defendants' preliminary objections because they were not accompanied by a brief, as was required by Administrative Order No. 43 of the Court of Common Pleas of Allegheny County, dated October 17, 1979.[2] On November 13, 1981, Plaintiff's counsel filed a praecipe for entry of default judgment and judgment was entered that day by the Prothonotary.[3]

■ On November 23, 1981, Defendants filed a petition to strike, or, in the alternative, to open the default judgment. On January 26, 1982, after submission of briefs and oral argument, the lower court denied Defendants' petition. A request for reconsideration was submitted on February 8, 1982, and was denied on February 10, 1982. This appeal followed.[4]

■ In support of their contention that the lower court committed an error of law, the Appellants point out the long-established rule that although the filing of a responsive pleading may be late, if it is filed before the filing of a praecipe for judgment, it will nevertheless bar a default judgment. See *Fuel City Manufacturing Co. v. Waynesburg Products Corp.*, 268 Pa. 441, 112 A. 145 (1920); *Von Schirach v. Vance*, 239 Pa. 300, 86 A. 856 (1913); *Borden-*

2. Administrative Order No. 43, which is apparently still in effect, provides, in pertinent part: "No Preliminary Objection shall be accepted for filing by the Prothonotary unless it is accompanied with a brief. Failure to file a brief with the Preliminary Objections shall be cause for dismissal of said Preliminary Objections."

3. We reject summarily the Appellants' contention that the judgment was defective because of Appellee's alleged failure to file an affidavit of non-military service. See 50 U.S.C.App. § 520. Only a defendant actually in the military service of the United States may take advantage of a plaintiff's failure to file such an affidavit. *Tabas v. Robert Development Company*, 223 Pa.Super. 290, 297 A.2d 481 (1972). The Appellants do not fall into the protected category.

4. On appeal, a lower court's refusal to open a default judgment will not be reversed unless the lower court either erred regarding the law or abused its discretion. *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Super. 331, 446 A.2d 641 (1982).

*town Banking Co. v. Restein,* 214 Pa. 30, 63 A. 451 (1906); *Barndollar v. Fogarty,* 203 Pa. 617, 53 A. 492 (1902); *Metz v. Hoffman,* 131 Pa.Super. 303, 200 A. 132 (1938). The rationale of these decisions is that once a responsive pleading is filed a default judgment cannot thereafter be entered because the responding party is no longer in default. In denying Appellants' petition to open or strike the default judgment, the lower court held that the above-stated rule of law has been abrogated by the adoption of Pennsylvania Rule of Civil Procedure 237.1(a), which provides:

> No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. *If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule.* A copy of the notice or agreement shall be attached to the praecipe. (Emphasis added.)

█ We conclude that the lower court erred in so holding. Rule 237.1 merely provides the notice requirements mandated prior to the entry of default judgments and, in our opinion, does not in any way alter the long-existing rule clearly enunciated in the cases cited above. The common law rule and Rule 237.1 are not inconsistent, and each can exist without offending the other. We must hold that the lower court erred in reaching a contrary conclusion.

Unfortunately, our resolution of that issue does not, standing alone, permit us to dispose of this appeal. In its opinion, the lower court stated that the Prothonotary's office should not have refused to accept Appellants' preliminary objections and, further, that the preliminary objections were deemed to have been filed when they were received by the Prothonotary on November 6, 1981. In light of our

finding that the filing of preliminary objections would inhibit the valid subsequent entry of a default judgment, the lower court's conclusion that the preliminary objections were properly filed is crucial to the issue of the validity of the default judgment entered on November 13, 1981.

Obviously, the lower court did not require strict adherence to Administrative Order No. 43, which provided that "No Preliminary Objections shall be accepted for filing by the Prothonotary unless it is accompanied with a brief." Ordinarily, the application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and our Court will not interfere unless that court commits an abuse of discretion. *Commonwealth v. Prisznyak*, 306 Pa.Super. 137, 452 A.2d 253 (1982). Unfortunately, the lower court gives no rationale in its opinion for its declaration that the Prothonotary should not have refused to accept Defendants' preliminary objections. Thus, we have no meaningful basis for review of this issue in the case.

We could simply remand this case to the lower court for further proceedings, beginning with the consideration of the Preliminary Objections filed by the Defendant-Appellants. The issue of whether or not the lower court was correct in its holding that the Prothonotary should have accepted the Defendants' Preliminary Objections would then only come before us if the Plaintiff was dissatisfied with the outcome of the litigation in the lower court, and elected to include that issue in any subsequent appeal it might file to our Court.[5] However, it would not be fair to the parties, nor serve the interests of judicial economy, to require that the parties proceed through substantial additional litigation, if we would ultimately disagree with the lower court's holding that the Preliminary Objections should have been considered to have been filed on the date

5. That type of disposition has some appeal because, in normal circumstances, lower court orders regarding preliminary objections are considered interlocutory, unless they raise a question of jurisdiction. See *Bassaro v. Barns & Tucker Co.*, 303 Pa.Super. 323, 449 A.2d 710 (1982).

they were received but rejected by the Prothonotary.[6] Further, it is evident that the issue of whether the Appellants' Preliminary Objections were properly filed is critical to the resolution of the questions presently before us in this case. In light of such factors, we conclude that it would be preferable to remand this matter to the lower court for a prompt clarification of the rationale for its decision on this point, so as to permit us to expeditiously dispose of all of the issues necessary in the resolution of the instant appeal.

The order of the lower court is temporarily vacated, and this case is remanded to the lower court with directions to prepare a supplemental opinion clarifying the reasons for its conclusion that the Preliminary Objections of the Defendants were to be considered as having been filed on November 6, 1981, when they were rejected by the Prothonotary. The lower court is requested to complete this task and submit its supplemental opinion to us within thirty days of the date of the filing of this Opinion. Jurisdiction of this appeal is retained by our Court.

---

**6.** In making that statement, we do not mean to imply any disagreement with the lower court's conclusion on this issue. We merely point out a possible result in this litigation.