**Moser v. Beck**

*R. Elliott Toll,* for plaintiff.
*Robert J. Kerns,* for defendant.

SUBERS, *J.,* October 21, 1986 — On November 26, 1984, plaintiffs commenced this action against defendant by summons. Defendant then ruled plaintiff to file a complaint on April 1, 1985. Plaintiffs' complaint was filed on or about April 11, 1985. Upon receipt of complaint, counsel for defendant requested a reasonable extension of time to respond to plaintiffs' complaint, by letter dated April 18, 1985.[1] Thereafter, on April 22, 1985, plaintiffs' attorney responded to defendant's request granting a 60-day extension of time to plead to plaintiffs' complaint.[2] This letter was deposited with the United

---

1. Please be advised that I represent Dr. Jonathan Beck. I have just received the complaint filed in this matter and I request a reasonable extension of time in which to file my response to same. Unless I hear from you to the contrary, I will assume the same has been granted.

2. You may have a reasonable extension of time to otherwise plead to our complaint so long as you don't take greater than 60 days from the above date. Beyond that date, should you not respond, we will proceed accordingly.

States Postal Service, First Class Mail, Postage Pre-Paid, and directed to defendant's counsel. On February 4, 1986, plaintiffs filed a praecipe for judgment. On February 10, 1986, defendant filed a motion to strike off the judgment and/or open the judgment.[3] Oral arguments were heard by this court on September 10, 1986, and on September 12, 1986, this court granted defendant's motion to strike the default judgment. Plaintiffs appeal this decision to the Superior Court of Pennsylvania.

## ISSUES

Whether the exchange of letters between counsel constituted an agreement within the meaning of Pa.R.C.P. 237.1(a) so as to obviate the 10-day notice requirement of rule 237.1(a) and compel the entry of judgment by default.

## DISCUSSION

As a preliminary matter, it is clear that plaintiffs' letter dated April 22, 1985, was served upon defendant's counsel in accord with the requirements of Pa.R.C.P. 440.[4] A properly addressed and posted letter raises a presumption that the letter has been received by the person to whom it was addressed. *Whitmore v. Dwelling House Insurance Co.*, 148 Pa. 405, 23 AH. 1131 (1982); *Cameron Estate*, 388 Pa. 25, 130 A.2d 173 (1957); *Franklin Interiors v. Browns Lane*, 227 Pa. Super. 252, 319 A.2d 682 (1984). In the absence of evidence to the contrary, we presume that plaintiffs' properly posted letter was received by defendant's attorney.

---

3. Depositions of Robert J. Kerns and Steven H. Kitty were taken on April 18, 1986.

4. Pa.R.C.P. 440 provides in relevant part:

"(a) Copies of all legal papers other than original process files in an action or served upon any party to an action shall be

We turn next to the exchange of letters between counsel, as it applies to the entry of judgment by default. Pa.R.C.P. 237.1(a) mandates that:

"No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least 10 days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe."

After receiving plaintiffs' complaint, defendant, by letter dated April 18, 1985, "request[ed] a reasonable extension of time in which to file my response to [the] same." (See footnote 1). Plaintiff responded as follows:

"You may have a reasonable extension of time to otherwise plead to our complaint so long as you

___

served upon every other party to the action. Service shall be made by handling or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, but if there is no attorney of record, then

"(1) by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party but, if such service cannot be made, then

"(2) by leaving a copy at or mailing a copy to the last known address of the party to be served.

"(b) Service by mail of legal papers other than original process is complete upon mailing."

don't take greater than 60 days from the above date. Beyond that date, should you not respond we will proceed accordingly." (See footnote 2).

Plaintiff contends that this exchange of letters was sufficient to constitute an agreement within the meaning of the second sentence of rule 237.1(a). We disagree. Plaintiffs' letter of April 22, 1985, did not contain the requisite specificity of term as contemplated both by the drafters of rule 237.1 and the Pennsylvania Superior Court.

The explanatory note to rule 237.1 provides that "any agreement should be sufficiently specific to avoid argument over its terms" and "[i]f a written extension between the parties is couched in general language, without specifying a fixed date for compliance, then a ten-day notice under the rule will be required before judgment can be entered." Section (c) of rule 237.1 sets out the standard for the form of notice required by section (a). To avoid any question over the sufficiency of the terms in his letter, plaintiffs' counsel should have crafted his letter substantially in the form of 237.1(c). Instead, counsel stated in his letter "60 days from the above date" and "we will proceed accordingly." Based on the explanatory note to rule 237.1, there can be no agreement under section (a), where as here, counsel's extension listed neither a specific time within which defendant's answer was to have been filed, nor issued notice of plaintiffs' intent to have a default judgment entered after that time.

The Pennsylvania Superior Court repudiated an even more specific letter than plaintiffs' letter in the case sub judice in *Giallorenzo v. American Druggists' Insurance Company,* 301 Pa. Super. 294, 447 A.2d 974 (1982). In *Giallorenzo,* counsel responded in the following manner to defendant's request for 20 additional days to file an answer:

"Because of the pressing nature of this matter, you are hereby requested to file an appropriate answer within 10 days from the date of this letter before I enter a default judgment." Id. at 296, 477 A.2d at 975. The Superior Court held that this language did not constitute an agreement within the ambit of the second part of rule 237.1(a). The court "sympathiz[ed] with plaintiff's counsel concerning the apparent needless delay in the filing of a responsive pleading . . . [but was] constrained to apply the clear mandatory requirements of rule 237.1. . . . [and could not] conclude that . . . plaintiffs' [letter] . . . perfected the kind of written agreement intended by the rule." Id. at 298, 299, 447 A.2d at 976.

One year after *Giallorenzo,* the Superior Court again considered a letter which was phrased in similar fashion to counsel's disputed letter in the instant case. In *N.H. Weidner Inc. v. Berman,* 310 Pa.Super. 590, 456 A.2d 1377 (1983), plaintiffs' notice of default judgment stated in relevant part:

"[S]hould I not hear from you within the next two weeks, I will assume that I should feel free to enter a default judgment . . . for failure to file an answer, and will then proceed to amend the caption of this case accordingly." Id. at 492, 456 A.2d at 1379. In holding that this language did not sufficiently comply with the requirements of rule 237.1(a) to frame an agreement, the Superior Court relied heavily on its reasoning in *Giallorenzo.* In both decisions, the Superior Court strictly construed the requirements of rule 237.1(a).

Like the Superior Court in *Giallorenzo* and *Weidner,* we are constrained to apply the clear mandatory requirements of rule 237.1(a). In the instant case plaintiffs' counsel's letter is imprecise in specifying a time within which defendant's answer was to have been filed, in warning defendant specifically

that a default judgment would be sought, and in warning defendant that he would be waiving any right to prior notice under the first sentence of rule 237.1(a). Thus plaintiffs' counsel's letter does not strictly comply with rule 237.1(a) and is fatally flawed.

Plaintiffs reliance on *Township of Chester v. Stapelton,* 72 Pa. Commw. 141, 456 A.2d 673 (1983) is misplaced, since in *Stapelton* there clearly was an agreement within the meaning of rule 237.1(a). Defendant asked for a 30-day extension and received a 30-day extension to a date certain.

Finally, we note that whether to strike a default judgment is left to the sound discretion of the trial court; its decision will not be reversed absent a manifest abuse of discretion or error of law. *Weidner,* supra, at 593; *Giallorenzo,* supra, at 297; See also *Butterbaugh v. Westons Shopper City Inc.* 300 Pa. Super. 223, 434 A.2d 724 (1981). There has been no such abuse or error in the case at bar.

## · CONCLUSION ·

Based on the foregoing analysis, our order granting defendant's motion to strike the default judgment was proper and should be affirmed.